UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| MARTY ORGERON, ET AL. | * | CIVIL ACTION NO. 07-1726 |
| VS. | * | JUDGE HAIK |
| SEA MAR MANAGEMENT, LLC, ET AL. | * | MAGISTRATE JUDGE HILL |

### ORDER REGARDING LACK OF FEDERAL JURISDICTION UNDER ERISA

This case was removed from a local state court alleging federal question jurisdiction under both the Seaman's Wage Act, 46 U.S.C. § 10313 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Thereafter, this court issued an ERISA Case Order setting various filing deadlines. [rec. doc. 10]. On Joint Motion of the parties, the undersigned recalled the ERISA Case Order which had been issued herein so that the parties could engage in discovery to determine whether ERISA applies to the claims at issue. [rec. doc. 19 and 21]. When the parties failed to advise the court of the results of their efforts, the undersigned ordered the parties to file memorandums addressing whether the Sea Mar Management, LLC Employee Retention Bonus Plan (the "Retention Bonus") at issue herein is, or is not, an ERISA plan. [rec. doc. 24]. Review of the record in this case reveals that the parties have filed memorandums in which they both agree that the Retention Bonus is not a plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. [rec. docs. 27 and 28]. The undersigned has reviewed the memorandums filed by

the parties and for the reasons set forth therein and below, concludes that the Retention Bonus at issue herein is <u>not</u> a plan within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*, and accordingly, this Court's federal question jurisdiction is based solely on the Seaman's Wage Act, 46 U.S.C. § 10313.  Therefore, the Clerk will be instructed to issue a Scheduling Order setting this case for trial before Chief Judge Haik.

ERISA regulates two types of "employee benefit plans", "employee welfare benefit plans"[1] and "employee pension benefit plans."[2]  *Memorial Hospital System v. Northbrook Life Insurance Co.*, 904 F.2d 236, 240 (5th Cir. 1990); *Musmeci v. Schwegmann Giant Supermarkets, Inc.,* 332 F.3d 339, 344 (5th Cir. 2003); *Potts v. Transit Management of Southeast Louisiana, Inc.*, 1998 WL 334850, * 2 (E.D.La. 1998); 29

---

[1] The terms "employee welfare benefit plan" and "welfare plan" are defined in 29 U.S.C. § 1002(1) which provides in pertinent part as follows:
> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

[2] The terms "employee pension benefit plan" and "pension plan" are defined in   29 U.S.C. § 1002(2)(A) which provides in pertinent part as follows:
> Except as provided in subparagraph (B) ... any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program-
> (i) provides retirement income to employees, or
> (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,

regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

U.S.C. § 1003(a).  Accordingly, the existence of an ERISA governed plan is an essential precursor to federal jurisdiction.  *Potts,* 1998 WL 334850 at *2 (citation omitted).  In other words, in order for the defendant in this case to invoke ERISA's substantive provisions and this court's jurisdiction, the benefits arrangement set out in the Retention Bonus Plan must constitute a "plan, fund, or program" covered by ERISA.  *Id*.; 29 U.S.C. §§ 1002(1) and (2)(A).

ERISA defines an "employee pension benefit plan" as "any plan, fund, or program which was ... established or maintained by an employer ... to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond."  29 U.S.C. § 1002(2)(A).

At a minimum, an ERISA "pension benefit plan" must be established and maintained by an employer, and result in one of the two statutory effects set forth in § 1002(2)(A).  *Potts,* 1998 WL 334850 at *2.  Moreover, there must be a separate, ongoing administrative scheme and reasonably ascertainable terms. *Potts*, 1998 WL 334850 at *2 citing *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 12, 107 S.Ct. 2211, 2217 (1987). As a result of the Supreme Court's decision in *Fort Halifax*, the existence of an employee benefit plan "turns on the nature and extent of an employer's benefit obligations."  *Potts*, 1998 WL 334850 at *2 *citing Belanger v. Wyman-Gordon Company,* 71 F.3d 451, 454 (1st Cir. 1995).

3

It is undisputed that the Retention Bonus at issue herein does not provide for retirement or deferred income, but rather, the bonus is a one-time lump-sum payment to current employees, made during their period of employment.  Further, it is undisputed that the payment of the Retention Bonus does not require any ongoing administrative scheme or program, and that the timing, eligibility and amount of the payment is not discretionary. As such, the Retention Bonus does not possess the requisite features of an ERISA plan.  *See Fort Halifax, supra*. (holding that a one-time payment did not require the sort of ongoing administrative scheme characteristic of an ERISA plan); *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 575-576 (5th Cir. 1980) (finding the crucial distinction between an ERISA plan and a non-ERISA contract was whether the contract was "designed to provide current rather than retirement income"); *Fontenot v. NL Industries, Inc.*, 953 F.2d960 (5th Cir. 1992) (severance plan requiring possible single lump sum payment which created no need for an ongoing administrative program not an ERISA plan); *Wells v. General Motors Corp.*, 881 F.2d 166, 176 (5th Cir. 1989) (one-time lump sum payment not an ERISA plan because no need for administration of a payment program).

Because the Retention Bonus does not constitute a "plan" covered by ERISA, this Court does not have jurisdictiont under ERISA.  Since this court retains jurisdiction under the Seaman's Wage Act, 46 U.S.C. § 10313, the **Clerk shall** issue a Scheduling Order setting this case for trial before Chief Judge Haik.

The **oral argument** scheduled for April 15, 2008 is hereby **canceled**.

Signed this 29th day of March, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE