RECEIVED
IN LAFAYETTE, LA.

FEB 1 1 2010

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| MARTY ORGERON, et al. | § | CIVIL ACTION NO. 07-1726 |
| | § | |
| VS. | § | JUDGE HAIK |
| | § | |
| SEA MAR MANAGEMENT, LLC, et al. | § | MAGISTRATE JUDGE HILL |

## ORDER FOR PRELIMINARY APPROVAL
## OF CLASS ACTION CERTIFICATION AND SETTLEMENT

Having considered the Parties' Joint Motion for Preliminary Approval of Class Settlement ("Motion) and Memorandum in Support ("Memorandum"), the proposed Mutual Release of All Claims and Final Settlement of Class Plaintiffs ("Settlement"), the Notice of Proposed Class Action Settlement and Settlement Fairness Hearing ("Notice"), the Proposed Claim Form and Release ("Claim Form"), and other accompanying documents (Docs. # 107-1, 107-2, 107-3, 107-4, 107-5, 107-6, 107-7, 107-9), and in accordance with this Court's prior orders at the December 14, 2009 settlement class certification hearing;

**IT IS HEREBY ORDERED THAT:**

A. **The Court Grants Preliminary Class Certification for Settlement Purposes Only**

　　1.　　The Court grants preliminary class certification for settlement purposes only.

　　2.　　The Class is certified on behalf of former employees of Sea Mar Management LLC ("Sea Mar") who were employed by Sea Mar through the date of its sale to Hornbeck Offshore Services, Inc. on or about August 8, 2007. All Plaintiffs seek payment of an annual or

"operational" bonus for January through August 2007. The proposed Settlement will resolve all of Plaintiffs' claims against Defendants and result in a final judgment.

3. The Court certifies the law firm of Guilliot & St. Pé to represent the Class Members as Class Counsel.

4. The Court certifies Charles Drummond, Ripton Lindsay, Avery Jones, Dennis Boyd, and Kevin Kulka as Class Representatives.

5. The four criteria in Federal Rule of Civil Procedure 23(a) for class certification are well established: numerosity, commonality, typicality, and class representation that is both fair and adequate. This conditional certification for settlement purposes meets these four criteria.

6. The first criteria, numerosity, is satisfied because there are 220 potential class members, many of whom are employed as seamen on working vessels throughout the world. Classes of this size satisfy the numerosity requirement.

7. The second criteria, commonality, is satisfied because all class members share common questions of law and fact. Potential class members are all former employees of Sea Mar Management; class members seek pro-rated payment of an "annual" bonus related to their employment with Sea Mar; and class members' claims present similar factual and legal analyses.

8. The third criteria, typicality, is met because named Plaintiffs' claims are "typical" of the claims of the class. All potential class members seek payment of a pro-rated "annual" bonus in their capacity as former employees of Sea Mar, and these class members' claims present similar factual and legal analyses under state and federal law. In addition, all but approximately two dozen class members were Jones Act seamen. Thus, typicality, like commonality, is also met.

8847924.2

9. The fourth criteria is also satisfied because the named Plaintiffs and their counsel will fairly and adequately protect the class. The named Plaintiffs constitute 5 members of the approximately 220 class members; they are fully familiar with the facts and circumstances of the case; they represent all types of employees; and their claims represent all the potential claims and subclasses of the class members. Also, both the named Plaintiffs' and the class members' claims for damages can be individually assessed and calculated, and there is no danger of priority or preferment in payment. Accordingly, the named Plaintiffs do not have interests adverse to the rest of the class.

10. Fairness and adequacy of class counsel is also established. In fact, "absent specific proof to the contrary, the adequacy of class counsel is presumed." *See In re Seitel, Inc. Securities Litigation*, 245 F.R.D. 263 (S.D.Tex. 2007). Here, no such proof exists. Plaintiffs' counsel, Kenneth D. St. Pé, has fifteen years of practice experience in both Louisiana federal and state courts. He is a member of the Louisiana State Bar and the Western, Middle, and Eastern Districts of Louisiana, United States District Courts, as well as the United States Court of Appeals for the Fifth Circuit. He and his firm, Guilliot & St. Pé, are known to this Court. He has fifteen years experience in litigation, during which he has tried numerous jury trials and judge trials. Mr. St. Pé also has experience in multiparty, complex litigation.

11. This class action also satisfies the criteria set forth in Rule 23(b)(3), namely that (1) the questions of law or fact common to class members predominate over any questions affecting individual members and (2) the class action is superior to other methods for the fair and efficient adjudication exists. First, a common nucleus of operative facts exists with regard to the payment of operational and retention bonuses for former Sea Mar employees. Second, the class action is also superior to any other methods of resolving this controversy. Specifically, the class

members' interests rest in the calculation and payment of "annual" or "operational" bonuses they claim are owed. The class action provides for the calculation and payment of these bonuses, but at far less expense and difficulty than individual lawsuits that may be subject to individual arbitrations. Rule 23(b)(3)(A).

12. It is also desirable that the litigation of these claims is concentrated in this forum. Sea Mar had its principal place of business in the forum, key witnesses reside in the forum, and many of the class members reside in the forum. Rule 23(b)(3)(C). In addition, class certification and settlement for this finite, 220 member class of former Sea Mar employees is much more efficient than the individual prosecution of the claims.

**B. The Court Grants Preliminary Approval of the Proposed Settlement as Fair, Reasonable and Adequate.**

13. "*Particularly in class action suits*, there is an overriding public interest in favor of settlement." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (emphasis added). Further, a "strong presumption" exists that a settlement is fair and reasonable, particularly when the parties agree and there is no contrary evidence. *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 720 (E.D. La. 2008) (citing *Cotton*, 559 F.2d at 1331).

14. The proposed Settlement allocates $266,000.00 to the Plaintiff class. The amount due to each Plaintiff under the Settlement is in direct proportion to the individual amount accrued for accounting purposes from January 2007 through August 2007. These amounts are set forth in the 2007 Schedule for Appendix B to the Parties' Memorandum (Doc 107-4). The $266,000.00 Settlement amount constitutes 21% of the accrued "annual" (or "operational") bonus amounts for all Plaintiffs for 2007.

15. The amounts due to each class Plaintiff under the Settlement are determined by a simple calculation:

> Amount Due to Plaintiff
>
> =
>
> (Plaintiff's individual amount under 2007 Schedule)
>
> %
>
> (the total accrued "annual" or "operations" bonus amount for all Class Plaintiffs under the 2007 Schedule)
>
> X
>
> ($266,000.00, the proposed Settlement amount)

16. While the Parties believe that all potential Class Members have been identified, it may be necessary to revise the estimated 2007 total accrued annual bonus amount if additional Class Members are identified. In that instance, the payments to Class Members will be in proportion to the revised 2007 total accrued "annual" bonus amount.

17. The Fifth Circuit has set forth for a district court to consider when evaluating a proposed class action settlement. The six factors include:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiffs' success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the class counsel, class representatives, and the absent class members.

See *In re Combustion, Inc.*, 968 F. Supp. 1116, 1125 (W.D. La. 1997) (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir.1983)).

18. A preliminary evaluation of these factors shows that the proposed Settlement is fair, reasonable, and adequate.

19. *The Proposed Settlement Is Free from Fraud or Collusion.* Because the proposed Settlement results from arm's length negotiations between parties represented by counsel, an initial presumption exists that the settlement is fair and reasonable. *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp.2d 830, 839 (E.D. La. 2007). Additionally, this case does not trigger any of the

common "red flags" for potential abuses, including the grant of illusory nonmonetary benefits, strategic filings and voluntary dismissals of class allegations, overly strict eligibility conditions, or a "reverse auction" (wherein the defendant selects among competing plaintiff's attorneys). *See* Manual for Complex Litigation § 21.61. Thus, no evidence exists to rebut this initial presumption.

20. Lack of fraud or collusion is further evidenced by the terms of the Settlement itself as the amount due to each class Plaintiff under the Settlement is directly proportionate to the amount accrued by Sea Mar for 2007. This approach does not favor or penalize any individual Plaintiff or any subclass of Plaintiffs, and the calculated amounts are not subject to discretion. Instead, all individual payments are objectively based on accruals made before the initiation of this litigation and before any cognizable controversy. Further, the proposed Settlement is open to all former Sea Mar employees who were employed at the time of Sea Mar's sale to Hornbeck in August 2007.

21. Finally, the proposed $100,000 payment to Plaintiffs' counsel is not excessive in relation to the size of the proposed Settlement, is well within the bounds of reasonable compensation, and, as part of the Settlement, is subject to the Court's approval.

22. *Continued Litigation Would Be Complex, Expensive and Lengthy.* "It is common knowledge that class action suits have a well deserved reputation as being most complex." *Cotton*, 559 F.2d at 1331. This case is no different, as it involves complex legal and factual issues, including the legal effect of purported representations related to the "annual" bonus program; the duties and expectations attendant to the accrual of annual bonuses; the discretionary nature of the annual bonus program; the requirements of the Retention Bonus Plan; the requirements of the annual bonus program; compliance with the requirements of these plans; and

the calculation of, and entitlement to, discretionary "annual" bonuses for former Sea Mar employees for the year 2007.

23. *Settlement Is Appropriate at this Stage in the Proceedings.* This case has been on file for nearly two years. Numerous documents have been exchanged, key witnesses have been deposed, and the Court has heard arguments on a number of discovery and substantive motions. Given the volume of filings, the extent of discovery, Defendants' pending motion to compel arbitration, and the benefit of mediation process, all parties are in a good position to assess their respective positions. For all of these reasons, it is timely and proper for the Court to determine whether the Settlement is fair and just. *See In re Combustion, Inc.*, 968 F. Supp. at 1125.

24. *Defendants Challenge the Probability of Plaintiffs' Success on the Merits.* As explained by the Court in *In re Combustion*, "[t]he question of whether Plaintiffs will be able to carry th[eir] burden at trial will be decided by the jury. Neither this Court, Plaintiffs, nor defendants can possibly anticipate what a jury will actually find. These questions are sufficiently serious to justify settlement." *Id.* at 1128. So too are the issues in this case. While Plaintiffs have articulated arguments regarding their entitlement to payment of discretionary annual bonuses, Defendants have arguments in rebuttal, especially with regard to the amount of the annual bonus payments, the effect of the release signed by the class members, and whether class members are subject to binding arbitration. The Court agrees that serious questions on both sides warrant the settlement of these claims.

25. *The Proposed Settlement is Within the Range of Possible Recovery.* In this case, Plaintiffs allege that they are entitled to the full amount of discretionary bonuses that were accrued for accounting purposes through August 2007. The total amount of these bonuses equals $1,244,021.22. The $266,000.00 Settlement amount constitutes approximately 21% of the total

8847924.2

accrued amount. As such, the Settlement amount—which was negotiated in light of the serious questions that exist on both sides of this case—falls well within the bounds of a fair and just settlement. *See In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (noting that "a just result is often no more than an arbitrary point between competing notions of reasonableness").

26. *Class Counsel and Class Representatives Believe the Settlement to be Fair, and Absent Class Members Will Have Opportunity to Object.* Class counsel and class representatives favor settlement. Other class members will have the opportunity to raise any concerns regarding the details of the proposed Settlement (Appendix B to the Parties' Memorandum) after receipt of the proposed Notice (Appendix C to the Parties' Memorandum) and at the fairness hearing.

**C.** **The Court Approves the Parties' Form and Manner of Providing Notice of the Proposed Settlement and Class Certification to the Class Members.**

27. The Proposed Notice, which is Appendix C to the Parties' Memorandum, satisfies the requirements of notice under both Rule 23(c)(3) and Rule 23(e).

28. The Proposed Notice describes the nature of the litigation, the definition of the Plaintiff class, the class claims and defenses thereto, the class members' rights to counsel, the class members' rights to be excluded from the class, the binding effect of the class action settlement process, the amount of the proposed Settlement, the proposed formula to calculate the amounts due to each class member, the attorney's fees included in the proposed Settlement, and the date, time, and location of the fairness hearing. In addition, the Parties have agreed that the Proposed Notice will be mailed to all class Plaintiffs at their last known address, as identified in Defendants' business records.

29. A Summary Notice (Appendix D to the Parties Memorandum) will also be published in local newspapers.

8

### D. Fairness Hearing on the Class Certification and Proposed Settlement.

30. The Court will hold a Fairness Hearing on April 14, 2010 at 9:30 AM, at the United States District Court for the Western District of Louisiana, Lafayette/Opelousas Division, 800 Lafayette Street, Lafayette, LA, in Courtroom 1. At this hearing the Court will consider whether the Class satisfies the requirements for class certification, whether the proposed Settlement is fair, reasonable, and adequate, whether the Court should issue an Order and Judgment approving the Settlement and dismissing Plaintiffs' claims on the merits and with prejudice, and any other issues that the Court deems appropriate. If there are objections, the Court will consider them at that time.

31. At the hearing, the Court will also consider the payment of $100,000 to Guilliot & St. Pé for attorneys' fees and expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Defendants will separately pay the fees, expenses and payments that the Court awards. These amounts will not reduce the $266,000 that has been made available for Class Members.

32. The Court approves the appointment of Bourgeois Bennett LLC as Claims Administrator. The Claims Administrator shall administer the Claim in accordance with the terms and conditions set forth in this Order, the proposed Settlement, the Notice, and the Claim Form, as well as this Court's prior orders at the December 14, 2009 settlement class certification hearing.

33. Individual Plaintiffs may ask the Court for permission to speak at the Fairness Hearing. To do so, the Plaintiff must send a letter saying that it is his or her "Notice of Intention to Appear in *Orgeron et al v. Sea Mar Management, LLC*, Case No. 07-1726." The Notice of Intention to Appear must be postmarked no later than April 1, 2010, and be sent to the Clerk of

the Court, Class Counsel, and Defense Counsel, at the addresses specified in the Notice. A Plaintiff cannot speak at the hearing if the Plaintiff has chosen to be excluded from the Class.

34. Defendants will pay the costs to administer the Settlement.

35. If the Court provides final approval to this Settlement at the Settlement fairness hearing, then the Settlement will be binding on all Class Plaintiffs who do not exclude themselves or otherwise opt-out of this Settlement on the prescribed date as determined by the Court. Class Members who do not exclude themselves pursuant to the terms in the Notice and Claim Form are fully subject to all the terms and conditions in the proposed Settlement, the Notice, the Claim Form, and to the conditions set forth in this Order.

36. Class Members must submit their Claim Form by April 1, 2010. The Claims Administrator will consider the Form to have been submitted if mailed first class, postmarked, and properly addressed to the Claims Administrator on that date.

37. This Order incorporates all the terms of the proposed Settlement, the 2007 Schedule to the proposed Settlement, the Notice, and the Claim Form (Docs. # 107-1, 107-2, 107-3, 107-4, 107-5, 107-6, 107-7, 107-9), and incorporates this Court's prior orders at the December 14, 2009 settlement class certification hearing as if fully set forth herein.

38. The Court reserves it right to consider revisions to the proposed Settlement without additional notice to the Class.

THUS DONE AND SIGNED on this _10_ day of _February_, 2010 in Lafayette, Louisiana.

Honorable Richard T. Haik, Sr.
UNITED STATES DISTRICT JUDGE

8847924.2

Respectfully submitted,

GUILLIOT & ST. PE, LLC

_____
Kenneth St. Pe, Esq. (No. 22638)
GUILLIOT & ST. PE
P.O. Box 2877
Lafayette, Louisiana 70502
(337) 232-8177

ATTORNEY FOR PLAINTIFFS

| | |
|---|---|
| SUTHERLAND ASBILL & BRENNAN LLP<br>Steven L. Roberts (*Pro Hac Vice*)<br>Rachel G. Clingman<br>Felicia H. Kyle<br>Telephone: 713.470.6100<br>Facsimile: 713.654.1301<br>OF COUNSEL | _____<br>Kenneth W. DeJean (No. 4817)<br>417 West University Avenue<br>Post Office Box 4325<br>Lafayette, Louisiana 70502<br>Telephone: 337.235.5294<br>Facsimile: 337.235.1095<br>ATTORNEYS FOR DEFENDANTS |

11

8847924.2